IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| LARRY D. POPPE and WENDY S. POPPE, ) | |
| ) | CASE NO. BK16-40681 |
| Debtor(s). ) | A16-4019 |
| FIRST NEBRASKA BANK, a Nebraska ) | |
| state banking corporation, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| LARRY D. POPPE and WENDY S. POPPE, ) | |
| ) | |
| Defendants. ) | |

<u>ORDER</u>

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 9). No resistance was filed. Francis X. Skrupa represents the defendants/debtors, and Warren R. Whitted, Jr., represents the plaintiff. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

First Nebraska Bank, a secured creditor, filed this adversary seeking a denial of discharge for the debtors under 11 U.S.C. §§ 727(a)(6)(A) and (a)(7) for their failure to turn over a vehicle pursuant to court order in a previous Chapter 13 bankruptcy case. The creditor has now moved for summary judgment on the complaint, in addition to an award of attorney's fees and costs. The debtors did not respond to the motion.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Although the debtors, by their failure to respond, have not put any factual issues in dispute, summary judgment is not guaranteed to the plaintiff. The creditor bears the burden of proof on its claims at trial, so it "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in [its] favor," *Fontenot v. Upjohn Co.*, 780 F.3d 1190, 1194 (5th Cir. 1986), such that no reasonable fact-finder could find in favor of the debtors. *USC Enter., LLC v. Shah*, Case No. 2:15CV00042-JLH, 2016 WL 4148276, at *3 (E.D. Ark. Aug. 4, 2016). "In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in the denial of summary judgment." *Id.* (quoting *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015) (quoting 11 Jeffrey W. Stempel & Steven S. Gensler *Moore's Fed. Practice*, § 56.40[1][c] (3d ed. 2015))).

The following facts, as taken from the parties' joint preliminary pretrial statement, are uncontroverted:

1. First Nebraska Bank is a creditor in the above-captioned case.

2. On February 14, 2015, the debtors filed a voluntary petition for bankruptcy pursuant to Chapter 13 of Title 11 of the United States Bankruptcy Code in this court at Case No. BK15-40179-TLS (the "Chapter 13 Proceeding").

3. On June 19, 2015, the bank filed a motion for relief from the stay in the Chapter 13 Proceeding for the recovery of certain real property and two vehicles which were owned by the debtors and in which the bank had perfected security interests.

4. On July 17, 2015, the bank's motion for relief from the stay in the Chapter 13 Proceeding was granted with respect to the real property.

5. On August 17, 2015, the bank filed a stipulation with the bankruptcy court in the Chapter 13 Proceeding, which was joined by the debtors and amended the bankruptcy plan (the "Joint Stipulation"). The Joint Stipulation required the debtors to surrender one of the vehicles to the bank no later than August 28, 2015.

6. On October 14, 2015, upon the bank's motion, the bankruptcy court moved to compel the debtors to comply with the Joint Stipulation by October 19, 2015, and ordered that the failure to do so shall cause the Chapter 13 Proceeding to be dismissed upon the request of the bank.

7. On October 14, 2015, in the course of the Chapter 13 Proceeding, an order was entered upon due notice and hearing, requiring the debtors to surrender to the bank a certain vehicle then in the debtors' possession or control, and to do so by October 19, 2015. The bankruptcy judge further ordered that failure to surrender the vehicle by the date provided shall cause the Chapter 13 Proceeding to be dismissed upon the request of the bank.

8. The debtors did not surrender the vehicle to the bank on or before October 19, 2015.

9. On October 20, 2015, the bankruptcy judge entered an order granting the bank's motion to dismiss the Chapter 13 proceeding.

10. The bank subsequently repossessed the vehicle.

11. After credit for amounts recovered from the sale of this vehicle and other collateral, the balance owed to the bank was $21,831.00 plus interest accruing at the rate of 6.625%.

12. The bank filed a complaint for deficiency judgment in the District Court of Lancaster County.

13. The debtors did not answer or otherwise respond to the bank's complaint.

14. The present bankruptcy case was filed the same day the District Court of Lancaster County entered an order for default judgment.

Section 727(a)(6) provides for granting the debtor a discharge, unless "the debtor has refused, in the case[,] to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]" Here, the plaintiff's case rests on an order entered in the debtors' previous bankruptcy case. The language of § 727(a)(6)(A) refers to a debtor's refusal *in the case* to obey a lawful court order. In other words, the conduct warranting a denial of discharge must have occurred in the same case in which the debtor would otherwise be entitled to a discharge. "Section 727(a)(6)(A), by its own terms, applies to a Debtor's refusal to obey an order 'in the case' and 'of the court,' not 'in any case' and 'of any court.'" *Jackson v. Jackson (In re Jackson)*, 548 B.R. 353, 386 (Bankr. N.D. Ga. 2016). "The Plaintiffs have provided no legal authority to support the application of § 727(a)(6)(A) to orders not issued by this Court in this case, and the Court is unaware of any such authority." *Id. See also Adar 980 Realty LLC v. Sofer (In re Sofer)*, 519 B.R. 28, 34 (Bankr. E.D.N.Y. 2014) (denial of discharge only where the debtor refuses to obey a lawful court order issued in the bankruptcy case).

The plaintiff also cites § 727(a)(7), evidently because it includes a one-year look-back period which would encompass the debtors' non-compliance with the turnover order at issue here. However, § 727(a)(7) denies a discharge to a debtor who: 1) on or within one year before the date of the filing of the petition, or at any time during the debtor's own case, 2) commits any of the objectionable acts specified in subsection 727(a)(2), (3), (4), (5) or (6), 3) in connection with another case concerning an insider. The presence of an insider is necessary for § 727(a)(7) to be applicable. "[Section 727(a)(7)] only applies where a debtor commits the specified acts in connection with another case under Title 11 concerning an insider. Clearly, the section has no application here." *Fokkena v. Huynh (In re Huynh)*, 379 B.R. 865, 872 (Bankr. D. Minn. 2008). *See also Lohff v. Paxton (In re Paxton)*, No. 04-03517, 2006 WL 1582366, at *4 (Bankr. N.D. Iowa May 30, 2006) ("Section 727(a)(7) concerns activity by a debtor in connection with another bankruptcy case concerning an insider."); *Dunkerton Coop. Elevator v. Bakker (In re Bakker)*, No. 04-01036, 2006 WL 240519, at *5 (Bankr. N.D. Iowa Jan. 27, 2006) ("Section 727(a)(7) concerns activity by a debtor in connection with another bankruptcy case concerning an insider. Plaintiff has not presented any evidence for applying

§ 727(a)(7) to deny the Bakkers' discharge in this case. Dunkerton has not identified any other case concerning an insider which would make § 727(a)(7) applicable to the Debtors."); *Storey v. Breedlove (In re Breedlove)*, 545 B.R. 359, 380 (Bankr. M.D. Ga. 2016) ("A denial of discharge under § 727(a)(7) is proper if the plaintiff can prove the following three elements: (1) the debtor committed an objectionable act under § 727(a)(2) through (6); (2) the objectionable act occurred on or within one year before the Petition Date or during the debtor's bankruptcy case; and (3) the act was committed in connection with another bankruptcy case concerning an insider.").

Accordingly, because there are no allegations that the debtors refused to obey an order in the present case, nor has any case law been found suggesting that § 727(a)(6)(A) could be applied retroactively, and there are no allegations concerning non-dischargeable conduct pertaining to a case of an insider, the bank's motion for summary judgment must be denied. Moreover, because it does not appear the bank can prevail on any of the allegations in its complaint, the plaintiff shall have until January 18, 2017, to show cause as to why judgment should not be entered in favor of the debtors and dismissing the complaint.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 9) is denied. The plaintiff shall show cause, on or before January 18, 2017, why judgment should not be entered in favor of the debtors.

DATED: January 3, 2017.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Francis X. Skrupa
    *Warren R. Whitted, Jr.
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.